IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-26-BO

| | |
|---|---|
| JESSE GRAVES YATES, III, ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| SCOTT OVERHOLT, MICHAEL ) | |
| DAVENPORT, THE OVERHOLT LAW ) | |
| FIRM, AND DAVENPORT LAW, ) | |
| Defendants. ) | |

This cause comes before the Court on defendants' motion to deem requests for admissions admitted, defendants' motion for summary judgment, and plaintiff's motion for summary judgment. The appropriate responses and replies have been filed, or the time for doing so has expired, and the matters are ripe for ruling. For the reasons that follow, defendants' motions are granted and plaintiff's motion is denied.

## BACKGROUND

Plaintiff, who proceeds *pro se*, filed this action in the United States District Court for the District of South Carolina alleging legal malpractice and failure to maintain attorney client privilege. The claims arise from defendants' representation of plaintiff and Melissa Yates in a lawsuit prosecuted in this Court against State Farm Fire and Casualty Company. No. 7:13-CV-233-BO-KS (E.D.N.C.) (State Farm action). The State Farm action was a declaratory judgment action seeking a declaration of coverage for a commercial building in Wallace, North Carolina owned by plaintiff. The building was destroyed by fire in October 2010 and State Farm denied coverage. Following this Court's denial of State Farm's motion for summary judgment, the parties agreed to proceed before a United States Magistrate Judge. The matter was resolved

following a seven-day jury trial before Magistrate Judge Kimberly A. Swank. The jury returned a verdict in favor of State Farm, finding that the plaintiffs, or either of them, had intentionally participated in the burning of the insured property and that the plaintiffs had violated the insurance contract by intentionally concealing or misrepresenting material facts concerning their claim. *Id.* [DE 108]. Defendants withdrew as counsel and the Yateses appealed *pro se*. The court of appeals affirmed the jury's verdict. *Id.* [DE 120].

This action was transferred to this Court from the District of South Carolina on February 14, 2019. [DE 41]. On June 25, 2019, United States Magistrate Judge Robert B. Jones, Jr. entered a scheduling order. [DE 62]. Discovery was set to close on June 26, 2020. In May 2020, Plaintiff requested a ninety-day extension of all case deadlines which was granted in part by Judge Jones on June 9, 2020. The discovery deadline was extended to August 26, 2020, for the sole purpose of completing fact or expert witness depositions. [DE 70]. The dispositive motion filing deadline was also extended. *Id.*

## DISCUSSION

I.  Motion to deem requests for admissions admitted

Rule 36 of the Federal Rules of Civil Procedure provides that a matter is deemed admitted unless the party to whom the request for admission is addressed serves the requesting party a written answer or objection within thirty days. Fed. R. Civ. P. 36(a)(3). Once a matter is deemed admitted under Rule 36, it is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Such conclusively established admissions suffice to support summary judgment. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x. 169, 173 (4th Cir. 2005) (quoting *Langer v. Monarch Life Ins. Co.*,

966 F.2d 786, 803 (3rd Cir. 1992)). It is within a court's discretion whether to deem requests for admission admitted. *Nguyen v. CNA Corp.*, 44 F.3d 234, 243 (4th Cir. 1995).

Defendants served written discovery requests on plaintiff on December 19, 2019. The discovery requests included interrogatories, requests for production, and Fed. R. Civ. P. 36 requests for admission. On January 19, 2020, plaintiff provided partial responses to defendants' interrogatories and requests for production, which he supplemented two times during the remainder of the discovery period. Plaintiff failed, however, to respond to the requests for admissions within thirty days and failed to disclose any expert witnesses prior to the January 31, 2020, deadline. Following entry of Judge Jones's June 9, 2020, order extending the fact or expert witness deposition deadline, plaintiff responded to defendants' December 19, 2019, Rule 36 requests for admission. The responses were not received by defendants until Monday, June 29, 2020; defendants believe they were delivered on Saturday, June 27th as they were not received prior to close of business on Friday, June 26th. Defendants thus contend that the late-delivered responses to their requests for admission were received outside the discovery period.

Plaintiff's responses to defendants' requests for admissions were provided five months after the deadline imposed by Rule 36. Plaintiff did not seek an extension of the thirty-day deadline, either from the Court or from defense counsel. Plaintiff does not argue that he did not receive the requests for admissions or that he attempted to respond prior to the close of the thirty-day period but was unable to do so. Plaintiff has not moved to withdraw or amend his admissions pursuant to Rule 36(b).

Plaintiff has further failed to expressly respond to the instant motion. In his response to defendants' motion for summary judgment, plaintiff argues that he has provided defendants with over 40,000 pages of discovery and the answers to discovery questionnaires, and that he has

3

acted diligently in complying with discovery. [DE 80 at 3]. Plaintiff further argues that he has no experience in responding to discovery and interrogatories, but that he has been honest and answered when defendants have not. *Id.*[1]

The Court, in its discretion, deems defendants' requests for admissions admitted due to plaintiff's months-late response. The Court recognizes that plaintiff proceeds in this matter *pro se*, but that does not excuse him from familiarizing himself with the Federal Rule of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Defendants requested admissions from plaintiff months prior to the close of discovery, leaving plaintiff with ample time to seek a continuance should he have required one. *Compare, e.g., United States for Graybar Elec. Co., Inc. v. TEAM Constr., LLC*, 275 F. Supp. 3d 737, 745 (E.D.N.C. 2017). Plaintiff was further able to respond to other discovery requests by defendants. Plaintiff has failed to respond to defendants' motion to deem their requests for admission admitted and he has made no request to withdraw or amend the deemed admissions.

It is true that courts are often reluctant to "use Rule 36 procedures as a snare for [an] unwary pro se defendant." *United States v. Turk*, 139 F.R.D. 615, 618 (D. Md. 1991). The Court does not consider plaintiff to be an unwary *pro se* litigant; plaintiff has filed cases in this Court, the District of South Carolina, the Fourth Circuit Court of Appeals, and the United States Tax Court. *See* [DE 72-4]. The Court also recognizes that defendants elected not to file a motion to compel plaintiff to respond to their requests for admissions. However, defendants did file a motion to deem the requests for admission admitted, and plaintiff elected not to respond. *Compare Jones v. Jack Henry & Associates, Inc.*, No. 3:06CV428, 2007 WL 4226083, at *2 (W.D.N.C. Nov. 30, 2007).

---

[1] Plaintiff often refers to "we" and "the Yates family" in making arguments, but as there is only one party plaintiff the Court will refer to the arguments as "plaintiff's."

4

Accordingly, for these reasons, the Court grants defendants' motion to deem their requests for admissions admitted.

II.  Motions for summary judgment

Plaintiff and defendants seek entry of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). When deciding cross-motions for summary judgment, a court considers each motion separately and

resolves all factual disputes and competing inferences in the light most favorable to the opposing party. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003).

Plaintiff's claims center on his allegation that his attorneys in the State Farm action committed legal malpractice. Under North Carolina law, a claim for legal malpractice is predicated on a theory that the attorney acted negligently. *Rorrer v. Cooke*, 313 N.C. 338, 355 (1985). It is the plaintiff's burden to show by a preponderance of the evidence that the attorney breached duties owed to the client and that such negligence was the proximate cause of plaintiff's damages. *Id.* The duties owed by an attorney who has agreed to prosecute an action on his client's behalf include that the attorney

> (1) [] possesses the requisite degree of learning, skill, and ability necessary to the practice of his profession and which others similarly situated ordinarily possess; (2) [] will exert his best judgment in the prosecution of the litigation entrusted to him; and (3) [] will exercise reasonable and ordinary care and diligence in the use of his skill and in the application of his knowledge to his client's cause.

*Hodges v. Carter*, 239 N.C. 517, 519 (1954). While expert testimony is not required to demonstrate the standard of care set out in the third step of the *Hodges* analysis, a plaintiff must nonetheless "establish the standard of care in the same or similar legal community." *Progressive Sales, Inc. v. Williams, Willeford, Boger, Grady & Davis*, 86 N.C. App. 51, 56 (1987).

A. Plaintiff's motion for summary judgment

In his motion, plaintiff argues that emails composed by his counsel and sent to a third-party contained information protected by attorney-client privilege. Plaintiff argues that the contents of these emails disparaged the Yateses' case and discussed the need to settle to avoid thousands of hours in trial preparation. Plaintiff contends that counsel failed to notify his family that they had breached that privilege so that the Yateses could terminated the attorney-client relationship. Plaintiff also cites to evidence which his counsel during the State Farm trial stated

6

he had not received, but which it was in fact demonstrated that he had received. Plaintiff contends that "[t]he emails prove the counsel of Overholt, and Davenport was negligent, under sourced, and incapable of even maintaining client privilege. Their failure to recognize the existence of these emails without even saying the emails are confidential is unprofessional." [DE 73 at 3].

Plaintiff has failed to establish that summary judgment should be entered in his favor. His motion does not establish the absence of a genuine issue of material fact, most specifically because he has failed to marshal his evidence in support of his claim. Plaintiff's three-page motion merely restates claims made in his complaint and refers to the 40,000 pages of discovery he contends that he has supplied to defendants in this case. Plaintiff has also failed to comply with Local Civil Rule 56.1 by failing to provide a statement of material facts.

Critically, plaintiff has failed to proffer any evidence of the standard of care. While, as noted above, he is not required to provide expert testimony on this issue, plaintiff's argument that the emails themselves prove that his counsel was negligent is insufficient at this stage to justify entry of summary judgment in his favor. "[T]he purpose of putting on evidence as to the standard of care in a malpractice lawsuit [is] to see if th[e] defendant's actions 'lived up' to that standard." *Progressive Sales*, 86 N.C. App. at 56. The motion is therefore denied.

B.  Defendants' motion for summary judgment

Defendants' statement of material facts, to which plaintiff has not responded to dispute,[2] sets out the history of the State Farm case, including the difficulties faced by defendants in prosecuting plaintiff's claim as well as the actions of plaintiff himself when called to testify in that matter. The Court incorporates these facts by reference as undisputed and provides a brief summary of the undisputed facts here. [DE 78].

---

[2] Local Civil Rule 56.1(a)(2).

The State Farm action arose from plaintiff's ownership of a two-story commercial building in Wallace, North Carolina which was insured by State Farm. The building was destroyed by an intentionally set fire on October 31, 2010. State Farm investigated the claim, which it denied based primarily upon an exclusion in the policy for intentionally set fires. State Farm developed several facts which tended to show that plaintiff had an incentive to burn the building in order to collect the insurance proceeds. Those included his ownership of a number of commercial real estate properties he was unable to sell, the decrease in plaintiff's liquid assets leading up to the fire, an IRS claim against plaintiff for $150,000 in back taxes, plaintiff's diagnosis of cancer shortly before the fire, the fact that the building was insured for $1.44 million when just four years earlier it had been insured for only $400,000, and that plaintiff was the only individual to hold a key to the building and neither the building's alarm system nor a physical check on the night of the fire by a sergeant with the Wallace Police Department indicated any forced entry or signs of an intruder.

Counsel for plaintiff proffered several theories to rebut State Farm's argument that plaintiff had set fire to the building. These included his weakened health due to his cancer treatments, evidence that plaintiff was still a successful business person and therefore did not have a financial incentive to set the fire, and evidence that there had been at least ten other intentionally set fires between 2009 and 2014 in close proximity to plaintiff's building, including properties not owned by plaintiff. Plaintiff testified at the trial, and defendants describe his testimony as a devastating failure. Plaintiff refused to answer questions on cross-examination and had to be repeatedly directed to do so by the trial judge. Following his testimony, State Farm offered plaintiff $300,000 to settle the case, which plaintiff refused despite defendants' advice to the contrary.

First, as discussed above, the Court has deemed defendants' requests for admissions to be admitted. The admissions include the following: that defendants possessed the requisite degree of learning, skill, and ability necessary to represent plaintiff in the State Farm litigation; that defendants exerted their best judgment in the prosecution of the State Farm litigation; that defendants did not breach any duty of care owed to plaintiff; and that plaintiff has not sustained any damage that resulted from any decision, conduct, act, or omission of defendants. *See* [DE 72-2].

Based upon the foregoing admissions, summary judgment is appropriate in favor of defendants.

Alternatively, even if the Court were not to consider the foregoing admissions, summary judgment in defendants favor is still appropriate. Plaintiff has failed to dispute any of defendants' proffered material issues of fact. In addition, defendants have proffered the testimony of a local attorney to opine as to whether defendants' actions breached the applicable standard of care. The report of Edwin L. West III, J.D., provides Attorney West's opinion that defendants possessed the requisite degree of learning, skill, and ability necessary to represent plaintiff in the State Farm litigation and which other attorneys similarly situated ordinarily possess; that defendants did not breach the standard of care owed to plaintiff during the course of their representation; and specifically that defendants did not, as plaintiff argues, violate attorney-client privilege or violate the applicable standard of care in the production of documents. [DE 76-10].

Plaintiff has failed to come forward with any evidence to establish the specific material facts in dispute necessary to survive defendants' summary judgment motion. In response to defendants' motion, plaintiff cites to the emails he claims are protected by attorney-client privilege. However, the emails are communications made by plaintiff's former counsel to a third-

party, and thus were not made in confidence. *See Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 31 (2001) ("The attorney-client privilege operates to protect confidential communications between attorneys and their clients."). Plaintiffs arguments about discovery failings by defendants in the State Farm action are speculative or conclusory at best.

Accordingly, even viewing the evidence in the light most favorable to plaintiff, the record establishes that summary judgment in favor of defendants is appropriate.

## CONCLUSION

For the foregoing reasons, defendants' motion to deem requests for admissions admitted [DE 72] is GRANTED, plaintiff's motion for entry of summary judgment [DE 73] is DENIED, and defendants' motion for entry of summary judgment [DE 75] is GRANTED. The clerk is DIRECTED to enter judgment in favor of defendants and close the case.

SO ORDERED, this __9__ day of February, 2021.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE